DLD-249                                                            NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1316
_____

RHONSHAWN JACKSON,
Appellant

v.

UNIT MANAGER  WHALEN; CO HUBER; SUPT. HARRY;
MAYOR PAUL LEGGORE; CAPT. WALKER; UNIT MANAGER STEVEN BUZAS
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-13-cv-00508)
District Judge:  Honorable Edwin M. Kosik
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 8, 2014

Before: SMITH, HARDIMAN and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 16, 2014)
_____

OPINION
_____

PER CURIAM

Rhonshawn Jackson, proceeding pro se and in forma pauperis, appeals from the

District Court's order granting Defendants' motion to dismiss his complaint pursuant to

Federal Rule of Civil Procedure 12(b)(6).  For the reasons set forth below, we will summarily affirm.[1]

I.

Rhonshawn Jackson, a Pennsylvania prisoner, filed an amended complaint pursuant to 42 U.S.C. § 1983 against several employees at SCI-Camp Hill and SCI-Fayette.  In his complaint, Jackson alleged that Defendants violated his constitutional rights by depriving him of certain items of personal and legal property following his transfer from SCI-Camp Hill to SCI-Fayette.  Specifically, Jackson was informed of the transfer on July 18, 2012, and subsequently packed two boxes of personal and legal material.  He was told that he would be given an opportunity to inventory the property, but was later told that there was not enough time to do so.  When he was taken to inventory his property at SCI-Fayette on July 20, 2012, he discovered that his sunglasses and cup were broken, and that his seventeen legal books, reconsideration brief, and unfiled civil complaint were missing.  He claimed that this resulted in the loss of his appellate rights in the United States Supreme Court and his ability to pursue his § 1983 action.  He initiated the grievance process and exhausted it without obtaining relief.  Defendants moved to dismiss Jackson's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the basis of the Eleventh Amendment, lack of personal

---

[1] We have jurisdiction to hear this appeal pursuant to 28 U.S.C. § 1291.  We may summarily affirm a decision of the District Court if the appeal does not raise a substantial issue.  3d Cir. LAR 27.4; I.O.P. 10.6.  We may affirm on any basis supported by the record.  Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

involvement, and a failure to state claims of deprivation of property and denial of access to the courts. The District Court granted the motion, and Jackson filed a timely notice of appeal.

## II.

We exercise plenary review over an order dismissing a complaint for failure to state a claim. See Lazaridis v. Wehmer, 591 F.3d 666, 670 (3d Cir. 2010) (per curiam). Dismissal is appropriate where the pleader has not alleged "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). This inquiry has three parts: "(1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

Upon review of Jackson's complaint, we conclude that it was properly dismissed by the District Court. Jackson did not state a civil rights claim arising from his deprivation of property because adequate state post-deprivation remedies were available to him. See Hudson v. Palmer, 468 U.S. 517, 533 (1984); Tillman v. Lebanon Cnty. Corr. Facility, 221 F.3d 410, 422 (3d Cir. 2000). Jackson took full advantage of the available grievance process, and the prison responded to each of his complaints and appeals.

3

Jackson's claim that the deprivation of his legal property resulted in the denial of his right to access the courts was also properly dismissed. A prisoner making an access-to-the-courts claim is required to show that the denial of access caused actual injury. Lewis v. Casey, 518 U.S. 343, 352-53 (1996). Actual injury occurs when a prisoner demonstrates that a "nonfrivolous" and "arguable" claim was lost because of the denial of access to the courts. Christopher v. Harbury, 536 U.S. 403, 415 (2002). When a plaintiff alleges that he was hindered in his ability to file a complaint, "the underlying cause of action . . . is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." Id. Jackson's initial complaint did not describe the underlying cause of action in the complaint at issue, nor did his amended complaint or his reply to Defendants' motion to dismiss. See Dkt. No. 27, at 7. We therefore agree with the District Court that Jackson failed to state a claim involving this deprivation.

Jackson stated that the deprivation of his reconsideration brief caused him to lose his appellate rights in the Supreme Court of the United States. As the District Court noted, however, a review of the docket in the relevant case, Jackson v. Taylor, No. 12-5092 (U.S.), indicates that the petition for certiorari was filed on July 2, 2012, two weeks before Jackson's transfer to SCI-Fayette, and the petition was not denied until October 1, 2012.[2] The initial petition therefore appears to have been unaffected by the transfer, and

---

[2] Courts may take judicial notice of a fact that is not subject to reasonable dispute in that it "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be

a reconsideration brief would not have been due at the time of the incidents in question. As a result, no actual injury could have resulted from the deprivation, and this claim was properly dismissed as well.

### III.

There being no substantial question presented on appeal, we will summarily affirm.[3]

accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

[3] The section of Jackson's complaint pertaining to jurisdiction suggests that he believed his complaint contained state law tort claims. See Dkt. No. 8, at 1. To the extent that Jackson raised any state law tort claims, they were not discussed by the District Court. Pursuant to 28 U.S.C. § 1367(c)(3), it had discretion to decline to exercise jurisdiction over any such claims after dismissing Jackson's federal claims. We review such an act for abuse of discretion, see De Asencio v. Tyson Foods, Inc., 342 F.3d 301, 311 (3d Cir. 2003), and find none here.